IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
NO. 7:13-CV-00118-BO

| | |
|---|---|
| JANINE E. DAHLGREN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| JOZA PROPERTIES, LLC and OAK ) | |
| ISLAND ACCOMODATIONS, INC., ) | |
| ) | |
| Defendants. ) | |

This matter is before the Court on defendant's notice of removal based on fraudulent joinder [DE 1] and defendant's motion to dismiss pursuant to FED. R. CIV. P. 12(b)(6) [DE 8]. For the reasons stated herein, this matter is REMANDED to state court and defendant's motion to dismiss is REMANDED with the body of this action.

## BACKGROUND

Plaintiff filed this negligence and premises liability action in Brunswick County Superior Court on April 25, 2013. Oak Island Accommodations, Inc. ("Oak Island") and Joza Properties, LLC ("Joza") are the named defendants. Plaintiff alleges she was injured when a chair broke while she was sitting in it at a vacation rental property on August 4, 2010. Joza owns the vacation rental property and Oak Island has contracted with Joza to manage the same. Joza filed a notice of removal on June 5, 2013 in which it alleged that Oak Island was fraudulently joined in this matter. On June 11, 2013, Oak Island filed a motion to dismiss itself from the matter consistent with the removal notice.

## DISCUSSION

Joza contends that the plaintiff joined Oak Island for the sole and fraudulent purpose of destroying absolute diversity and precluding removal to federal court. When parties have been fraudulently joined, diversity jurisdiction may be found notwithstanding the shared citizenship of certain plaintiffs and defendants. *Mayes v. Rapoport*, 198 F.3d 457, 461 (4th Cir. 1999). The party seeking removal on a fraudulent joinder theory must demonstrate that either (1) there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court; or (2) that there has been outright fraud in the plaintiff's pleading of jurisdictional facts. *Marshall v. Manville Sales Corp.*, 6 F.3d 229, 232 (4th Cir. 1993) (internal quotations omitted). As with a motion for summary judgment, a court evaluating a claim of fraudulent joinder may examine both the pleadings as well as other evidence in the record. *AIDS Counseling and Testing Ctrs. v. Group W Television, Inc.*, 903 F.2d 1000, 1004 (4th Cir. 1990). The Fourth Circuit has made clear that a defendant "alleging fraudulent joinder bears a heavy burden – it must show that the plaintiff cannot establish a claim even after resolving all issues of law and fact in the plaintiff's favor." *Hartley v. CSX Transp., Inc.*, 187 F.3d 422, 424 (4th Cir. 1999). This standard is more favorable to a plaintiff that the 12(b)(6) standard. *Id.* "Once the court identifies [a] glimmer of hope for the plaintiff, the jurisdictional inquiry ends." *Id.* at 426.

Here defendants lay out three reasons as to why plaintiff has *no* possibility of recovery against Oak Island and therefore this Court should find fraudulent joinder. They argue that plaintiff has not alleged any contractual duty, that Oak Island did not breach statutory duty to the plaintiff, and that Oak Island did not breach a common law duty to the plaintiff. The question of whether or not there is a statutory duty owed to the plaintiff by Oak Island is too unclear to warrant a finding of fraudulent joinder.

2

No North Carolina case has squarely held that the Vacation Rental Act ("VRA"), N.C. Gen. Stat. §§ 42A-1–40 (2012), relieves rental companies of various duties imposed on the "landlord" (i.e. homeowner). Although Oak Island lays out a respectable argument as to why the VRA does exactly that, the Fourth Circuit has made it clear that when making a jurisdictional inquiry, it is not the role of the district courts to decide how unclear state law should be resolved. *See Hartley*, 187 F.3d at 424–25. "Because all legal uncertainties are to be resolved in the plaintiff's favor in determining whether fraudulent joinder exists, a truly 'novel' issue such as this cannot be the basis for finding fraudulent joinder." *Id.* at 425. "Further, courts should resolve all doubts about the propriety of removal in favor of retained state court jurisdiction." *Id.* (internal quotations omitted). This Court will refrain from making any determination on the merits of Oak Island's VRA argument.

Further, there is obviously no outright fraud in the plaintiff's pleading of jurisdictional facts. Plaintiff rented a vacation property from Joza, but through Oak Island. Her contact was with Oak Island. If an issue arose, she would contact Oak Island to resolve it. Now that she is injured, she has sued Oak Island, the party she had contact with, and Joza, the property owner. Her actions are understandable and expected in such a circumstance. Accordingly, this Court does not find fraudulent joinder and remands the action to Brunswick County Superior Court.

## CONCLUSION

For the foregoing reasons, this action is REMANDED to the Superior Court of Brunswick County, North Carolina. The defendant's motion to dismiss is REMANDED with the body of this action.

SO ORDERED.

This the __1__ day of October, 2013.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

4